UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINDA FINKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-CV-124 |
| | ) |
| TRUSTEES OF PURDUE | ) |
| UNIVERSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court in this sex and age discrimination case is a Motion for Protective Order (Docket # 39) filed by Plaintiff Linda Finke pursuant to Federal Rule of Civil Procedure 26(c), concerning the deposition of Defendant Chancellor Michael Wartell scheduled for November 12, 2013. Specifically, Finke requests that the Court limit and define the involvement of the attorneys who will attend the deposition and the scope of allowable questioning.

As background, Defendant Wartell is currently a plaintiff in another matter involving Title VII gender discrimination against Purdue University pending in this Court, *Wartell v. Purdue University*, No. 1:13-cv-99 (N.D. Ind. filed Apr. 1, 2013), as well as a case pending in Allen Superior Court, *Wartell v. Lee*, No. 02D01-1306-PL-232. Defendants in this case have advised Finke that the lawyers representing Wartell in his two other cases will attend his upcoming deposition. Although Finke does not object to their attendance, she anticipates that such counsel may attempt to advise Wartell not to answer certain questions about his other lawsuits, which she contends may be relevant to her case. Accordingly, she seeks a protective order limiting the involvement of Wartell's other attorneys at the deposition.

Finke's motion for protective order is GRANTED in that Wartell's counsel in other cases may attend the deposition solely as observers.  They may not raise objections, coach (verbally or nonverbally), or question the deponent.

As a reminder, Federal Rule of Civil Procedure 30(c)(2) prescribes the proper form of objections during depositions:

> An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. . . . A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

*See Medline Indus. v. Lizzo*, No. 08 C 5867, 2009 WL 3242299, at *2 (N.D. Ill. Oct. 6, 2009) (concluding that counsel's instructing the deponent not to answer based on relevancy grounds was improper, explaining that Rule 30 provides three grounds for instructing a deponent not to answer and relevance is not among them).

And, of course, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  "The scope of relevancy under Rule 26 is broad.  'Relevant information need to not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Dauska v. Green Bay Packaging*, 291 F.R.D. 251, 257 (E.D. Wis. 2013) (quoting Fed. R. Civ. P. 26(b)(1)).

Therefore, Plaintiff's Motion for Protective Order (Docket # 39) is GRANTED in

accordance with the terms set forth herein.

      SO ORDERED.

      Entered this 7th day of November, 2013.

                                          /S/ Roger B. Cosbey
                                        Roger B. Cosbey,
                                        United States Magistrate Judge